IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA


MATTHEW TUBBY,                    )
                                 )
              Plaintiff,         )
                                 )
      v.                         )              1:13CV363
                                 )
PATRICK R. DONAHOE, Postmaster   )
General, United States Postal    )
Service,                         )
                                 )
              Defendant.         )


**MEMORANDUM OPINION AND ORDER**

**OSTEEN, JR., District Judge**

     On April 30, 2013, Plaintiff Matthew Tubby ("Plaintiff")

filed a Complaint (Doc. 1) against Patrick Donahoe, Postmaster

General of the United States Postal Service ("Defendant"),

alleging that Plaintiff was improperly discharged from his

position as a mail handler due to his age and race.  Defendant

has filed a Motion to Dismiss or, in the Alternative, for

Summary Judgment ("Def.'s Motion") (Doc. 5), arguing that the

Complaint should be dismissed because Plaintiff did not exhaust

his administrative remedies prior to filing suit and, in any

event, because Plaintiff failed to file his Complaint within 90

days of receiving his right-to-sue letter as required by 42

U.S.C. § 2000e-16(c).  (See Def.'s Mem. in Supp. of Mot. to

Dismiss ("Def.'s Mem.") (Doc. 6) at 6, 12.)  Plaintiff responded

(Doc. 10) and Defendant replied (Doc. 12).  For the reasons set

out below, this court will grant Defendant's Motion.

## I.    <u>STANDARD OF REVIEW</u>

Because Defendant's motion invokes both Fed. R. Civ. P.

12(b)(1) and 12(b)(6), and, in the alternative, requests a

summary judgment ruling in its favor, this court will set out

the three standards of review.

### A.    <u>Motion to Dismiss – 12(b)(1)</u>

The existence of subject matter jurisdiction is a threshold

issue the court must address before considering the merits of

the case.  <u>Jones v. Am. Postal Workers Union</u>, 192 F.3d 417, 422

(4th Cir. 1999).  The plaintiff has the burden of proving that

subject matter jurisdiction exists when a Rule 12(b)(1)

challenge is raised to the basis for subject matter

jurisdiction.  <u>Richmond, Fredericksburg & Potomac R. Co. v.</u>

<u>United States</u>, 945 F.2d 765, 768 (4th Cir. 1991).  In ruling on

a Rule 12(b)(1) motion, a court must apply the standard

applicable to a motion for summary judgment, under which the

nonmoving party must set forth specific facts beyond the

pleadings to show that a genuine issue of material fact exists.

<u>Id.</u>  In evaluating a defendant's Rule 12(b)(1) motion, "the

district court is to regard the pleadings' allegations as mere
evidence on the issue, and may consider evidence outside the
pleadings without converting the proceeding to one for summary
judgment." Id. The district court should grant the Rule
12(b)(1) motion to dismiss "only if the material jurisdictional
facts are not in dispute and the moving party is entitled to
prevail as a matter of law." Id.

### B. Motion to Dismiss – 12(b)(6)

To survive a Rule 12(b)(6) motion, a plaintiff must allege
"sufficient factual matter, accepted as true, to 'state a claim
to relief that is plausible on its face.'" Ashcroft v. Iqbal,
556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly,
550 U.S. 544, 570 (2007)). For a claim to be facially
plausible, a plaintiff must "plead[] factual content that allows
the court to draw the reasonable inference that the defendant is
liable" and must demonstrate "more than a sheer possibility that
a defendant has acted unlawfully." Id. (citing Twombly, 550
U.S. at 556-57).

### C. Motion for Summary Judgment

"The court shall grant summary judgment if the movant shows
that there is no genuine dispute as to any material fact and the
movant is entitled to judgment as a matter of law." Fed. R.

Civ. P. 56(a). A motion for summary judgment is appropriately denied when an examination of the pleadings, affidavits, and other proper discovery materials before the court demonstrates a genuine dispute of material fact exists. Celotex Corp. v. Catrett, 477 U.S. 317, 322–23 (1986) (discussing predecessor to Rule 56(a)). In considering a motion for summary judgment, the court is not to weigh the evidence, but rather must determine whether there is a genuine issue for trial. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 249-50 (1986). The court must view the facts in the light most favorable to the nonmovant, drawing inferences favorable to that party if such inferences are reasonable. Id. at 255. However, there must be more than a factual dispute; the fact in question must be material, and the dispute must be genuine. Fed. R. Civ. P. 56(a); Anderson, 477 U.S. at 248. A dispute is only "genuine" if "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." Anderson, 477 U.S. at 248.

If, on a Rule 12(b)(6) motion, matters outside the pleadings are presented to and not excluded by the court, the motion must be treated as one for summary judgment under Federal Rule of Civil Procedure 56. In that case, "[a]ll parties must be given a reasonable opportunity to present all the material

that is pertinent to the motion." Fed. R. Civ. P. 12(d). A motion to dismiss pursuant to Rule 12(b)(6) is not converted into a motion for summary judgment by the mere submission or service of extraneous materials. Finley Lines Joint Protective Bd. Unit 200 v. Norfolk S. Corp., 109 F.3d 993, 996 (4th Cir. 1997) (considering issue in context of voluntary dismissal under Federal Rule of Civil Procedure 41(a)).

Here, however, Defendant's Motion (Doc. 5) was one for summary judgment in the alternative. In opposition, Plaintiff filed a response to Defendant's Motion to Dismiss. (See Plaintiff's Response in Opposition to the Defendant's Motion to Dismiss or, in the Alternative, for Summary Judgment ("Pl.'s Resp.") (Doc. 10).) Plaintiff attached two affidavits and five exhibits to his Response. (Docs. 10-1 through 10-7.) Under the same circumstances, the Fourth Circuit concluded that on the basis of the plaintiff's own actions it appeared that the plaintiff had actual notice that the motion could be disposed of as one for summary judgment. Laughlin v. Metro. Washington Airports Auth., 149 F.3d 253, 261 (4th Cir. 1998) ("The district court, while it clearly has an obligation to notify parties regarding any court-instituted changes in the pending proceedings, does not have an obligation to notify the parties

of the obvious."). This is particularly true when plaintiffs

and defendants refer to exhibits in support of their arguments,

as is the case here. See <u>Tsai v. Md. Aviation</u>, 306 Fed. Appx.

1, 3-5 (4th Cir. 2008) (unpublished per curiam) (finding case

before it distinguishable from <u>Finley Lines</u> and facts in accord

with <u>Laughlin</u>) ("[Plaintiff] cannot plausibly argue that he

lacked notice that [the defendant] was moving for summary

judgment, given that he acknowledged as much in the title of his

responsive pleading and even put additional evidence before the

court of his own volition.").[1]

Because of the issue of equitable tolling, Plaintiff has

not objected and submitted affidavits in support of the

response. Further, Plaintiff has not objected to treatment of

the motions as motions for summary judgment, but has also

referenced both his own pleadings and exhibits filed by

Defendant. Nor has Plaintiff sought relief under Rule 56(d).

As a result, this court finds the issues before the court –

equitable tolling, timeliness, and exhaustion of administrative

remedies - may be decided based upon the pleadings and

affidavits submitted.

---

[1]  Rule 56(f), which addresses judgment independent of a
summary judgment motion, does not apply under the circumstances
of this case.

## II. <u>FACTS</u>

Plaintiff, a Caucasian male and United States military veteran, was formerly employed by the United States Postal Service as a mail handler at its Processing and Distribution Center in Greensboro, N.C. (Complaint ("Compl.") (Doc. 1) ¶¶ 4, 9-11.) At all times relevant to this action, Plaintiff was at least forty (40) years old. (<u>Id.</u> ¶ 8.)

According to the Complaint, Plaintiff was demoted from his regular employee status and eventually fired because of his age and race. Specifically, Plaintiff claims that he was put on "emergency placement" status after a forklift he was driving suffered a brake failure and "slightly bumped" into a forklift driven by Nola Morrison ("Morrison"), a female co-worker, who then complained to management. (<u>Id.</u> ¶¶ 15, 17, 19.) Plaintiff further asserts that he was told to leave work without the opportunity to consult with a union steward and without being apprised of the specific claims against him. (<u>Id.</u> ¶ 19.) A few days later, after an alleged investigation, management accused Plaintiff of operating his forklift in an unsafe manner and intentionally assaulting Morrison (<u>id.</u> ¶ 20), and eventually tendered him a letter of removal on March 23, 2009 (<u>id.</u> ¶ 21). Plaintiff claims that both Morrison and an African-American

employee named Mike Duncan had engaged in similar unsafe conduct in the past, but that neither received any discipline, much less a discharge.  (Id. ¶¶ 20, 31, 37.)

Plaintiff's Complaint alleges that Defendant's acts of discrimination violated both the Age Discrimination in Employment Act ("ADEA"), 29 U.S.C. 621 et seq.,[2] and Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e et seq. Plaintiff also brings this action pursuant to 42 U.S.C. § 1981a but not as a separate cause of action.[3]  The Equal Employment

_____

[2]  Specifically, Plaintiff asserts ADEA claims under 29 U.S.C. § 623 and § 633a.  (Compl. (Doc. 1) at 1.)  Section 623 applies to private employers and thus not to this case. Gomez-Perez v. Potter, 563 U.S. 474, 486-87 (2008).  In his briefing, Plaintiff attempts to change his claim, without amending his Complaint, to one under 29 U.S.C. § 631 instead of 29 U.S.C. § 623.  (See Pl.'s Resp. (Doc. 10) at 2.)  As shall be discussed below, claims under both Sections 631 and 633 may be brought in an appeal to the Merits System Protection Board.

[3]  "The great weight of authority holds that § 1981a does not create an independent cause of action, but only serves to expand the field of remedies for plaintiffs in Title VII suits." Flax v. Del. Div. of Family Servs., Civ. Action No. 03-922-GMS, 2008 WL 1758857, at *10 (D. Del. Apr. 16, 2008) (citing cases), aff'd, 329 Fed. Appx. 360 (3d Cir. 2009); see Moss v. Pasquotank Cnty., No. 2:10-CV-56-BR, 2012 WL 2325846, at *4 (E.D.N.C. June 19, 2012) ("Given that § 1981a provides only a remedy and does not create an independent cause of action, there are no 'claims' under § 1981a for the court to dismiss."); cf. Complaint (Doc. 1) at 8-9 (setting out causes of action under Title VII and ADEA but citing Section 1981a with respect to damages only).

Opportunity Commission ("EEOC") issued its final decision on January 24, 2013, which informed Plaintiff that he had "ninety (90) calendar days from the date that [he] receive[d] th[e] decision" in which to bring a civil action. (Def.'s Mem., Ex. A-14, EEOC Denial of Reconsideration ("EEOC Decision") (Doc. 6-15) at 2.)[4] The EEOC Decision further stated that the EEOC "will presume that this decision was received within five (5) calendar days after it was mailed," and certifies that it was mailed on January 24, 2013. (Id. at 4.)

## III. **UNTIMELY FILING**

### A. **90-Day Period**

Defendant argues that the Complaint must be dismissed because it was not filed within ninety days of Plaintiff's receipt of the EEOC Decision (right-to-sue letter), as required by 42 U.S.C. § 2000e-16(c). (See Def.'s Mem. (Doc. 6) at 12.) The 90-day countdown begins upon the actual date of receipt when that date is "confirmed by evidence[.]" Nguyen v. Inova

---

[4] Unlike most plaintiffs who bring civil actions after final EEOC denial of their Title VII and ADEA claims, Plaintiff did not attach the EEOC's Decision to his Complaint. Instead, Defendant attached it to his Motion to Dismiss, or, in the Alternative, for Summary Judgment (see EEOC Decision (Doc. 6-15)). Consistent with the court's discussion in the Standard of Review section above, the court may consider the document with respect to Defendant's Motion.

Alexandria Hosp., No. 98-2215, 1999 WL 556446, at *3 (4th Cir. July 30, 1999) (unpublished per curiam); see Grey v. Henderson, 169 F. Supp. 2d 448, 451 (M.D.N.C. 2001). If the date of receipt is unknown, "it is presumed that service by regular mail is received within three days pursuant to [then] Rule 6(e) of the Federal Rules [of Civil Procedure]." Nguyen, 1999 WL 556446, at *3.[5] Here, however, the EEOC Decision states that, "[f]or timeliness purposes, the [EEOC] will presume that this decision was received within five (5) calendar days after it was mailed." (EEOC Decision (Doc. 6-15) at 4.) In the interests of fairness, this court will follow the EEOC Decision's stated presumption of five days, rather than the three days typically found in precedent. Cf. Nader v. Blair, 549 F.3d 953, 962 (4th Cir. 2008) (explaining the so-called Accardi doctrine, see United States ex rel. Accardi v. Shaughnessy, 347 U.S. 260

---

[5] Nguyen relied on the three-day delivery period under Fed. R. Civ. P. 6(e). Although Rule 6(e) was revised in 2001, courts continued to cite Rule 6(e)'s mail rule with respect to right-to-sue letters. See DeFrancesco v. Weir Hazelton, Inc., 232 F.R.D. 454, 457 (E.D. Pa. 2005) (collecting cases). Parenthetically, Rule 6(e) became current Rule 6(d) in 2007 as part of general restyling of the Civil Rules and deletion of long-rescinded Rule 6(c). As discussed below, this concern is mooted in that the court will apply a five-day presumption under the circumstances of this case.

(1954), which binds an agency to follow its own procedures and regulations when making a decision).

The parties agree that the EEOC Decision was signed and mailed by an EEOC agent on January 24, 2013.  (<u>See</u> Def.'s Mem. (Doc. 6) at 15; Compl. (Doc. 1) ¶ 40.)  Neither party has presented any evidence regarding the date of actual receipt; therefore, the five-day presumptive mailing period indicated in the EEOC Decision applies and Plaintiff is deemed to have received the EEOC Decision on or before January 29, 2013 (a Tuesday).  By this court's calculations, the 90-day period ended on April 29, 2013 (a Monday), <u>cf.</u> Fed. R. Civ. P. 6, but Plaintiff did not file his Complaint until the early morning of April 30, 2013, a few hours outside the statutory deadline. Therefore, even under the more generous five-day presumptive mailing period, the Complaint was not timely filed.

### B.  <u>Equitable Tolling</u>

A plaintiff "who fails to file a complaint within the ninety-day statutory time period mandated by Title VII generally forfeits his right to pursue his claims." <u>Mann v. Standard Motor Prods., Inc.</u>, 532 Fed. Appx. 417, 418 (4th Cir. 2013) (unpublished per curiam) (citing <u>Baldwin Cnty. Welcome Ctr. v. Brown</u>, 466 U.S. 147, 149-51 (1984)).  However, "[t]he 90-day

filing requirement is 'not a jurisdictional prerequisite to suit in federal court, but a requirement that, like a statute of limitations, is subject to waiver, estoppel, and equitable tolling.'" <u>Crabill v. Charlotte Mecklenburg Bd. of Educ.</u>, 423 F. App'x 314, 321 (4th Cir. 2011) (quoting <u>Laber v. Harvey</u>, 438 F.3d 404, 429 n.25 (4th Cir. 2006)).  Plaintiff's counsel requests that this court apply the equitable tolling doctrine to excuse his late filing, which he attributes to both a miscalculation of the deadline and unexpected difficulties in entering the credit card information necessary to pay the filing fees.  (<u>See</u> Pl.'s Resp., Unsworn Declaration of Humphrey S. Cummings under Penalty of Perjury Pursuant to 28 USC SEC 1746 (Doc. 10-7) at 1-2.)[6]

"Generally, a litigant seeking equitable tolling bears the burden of establishing two elements: (1) that he has been pursuing his rights diligently, and (2) that some extraordinary

_____

[6] Plaintiff's briefing does not assert that the Defendant would not be prejudiced by the late-filing.  (<u>See</u> Pl.'s Resp. (Doc. 10).)  In light of the time of filing, Defendant was not likely prejudiced.  Even so, under the circumstances of this case, any such argument would be unavailing.  "Although absence of prejudice is a factor to be considered in determining whether the doctrine of equitable tolling should apply once a factor that might justify such tolling is identified, it is not an independent basis for invoking the doctrine and sanctioning deviations from established procedures."  <u>Baldwin Cnty.</u>, 466 U.S. at 152.

circumstances stood in his way." <u>Credit Suisse Sec. (USA) LLC</u>
<u>v. Simmonds</u>, ____ U.S. ____, ____, 132 S. Ct. 1414, 1419 (2012)
(emphasis and citation omitted) (considering equitable tolling
for fraudulent concealment).  Equitable tolling is "'reserved
for those rare instances where - due to circumstances external
to the party's own conduct - it would be unconscionable to
enforce the limitation period against the party and gross
injustice would result.'" <u>Rouse v. Lee</u>, 339 F.3d 238, 246 (4th
Cir. 2003) (en banc) (quoting <u>Harris v. Hutchinson</u>, 209 F.3d
325, 330 (4th Cir. 2000)).  "[E]quitable tolling must be guarded
and infrequent, lest circumstances of individualized hardship
supplant the rules of clearly drafted statutes." <u>Gayle v. UPS</u>,
401 F.3d 222, 226 (4th Cir. 2005) (internal quotation marks
omitted).  As a general rule, "[o]ne who fails to act diligently
cannot invoke equitable principles to excuse that lack of
diligence." <u>Baldwin Cnty.</u>, 466 U.S. at 151; <u>Radin v. Runyon</u>,
No. 95-2007, 1997 WL 210859, at *1 (4th Cir. 1997) (unpublished
per curiam) (same); <u>see also</u> <u>Coleman v. Talbot Cnty. Det. Ctr.</u>,
242 Fed. Appx. 72, 74 (4th Cir. 2007) (unpublished per curiam)
(holding that a Plaintiff seeking equitable tolling must
"'present (1) extraordinary circumstances, (2) beyond [his]
control or external to [his] own conduct, (3) that prevented

[him] from filing on time'" (quoting <u>United States v. Sosa</u>, 364
F.3d 507, 512 (4th Cir. 2004) (internal quotation marks
omitted))); <u>Rouse</u>, 339 F.3d at 246 (same).

The Fourth Circuit follows the general rule that "'a
mistake by a party's counsel in interpreting a statute of
limitations does not present the extraordinary circumstance
beyond the party's control where equity should step in to give
the party the benefit of his erroneous understanding.'" <u>Rouse</u>,
339 F.3d at 248 (quoting <u>Harris</u>, 209 F.3d at 331).  This rule is
primarily justified by the fact that "the actions of [a
plaintiff's] attorneys are attributable to [the plaintiff], and
thus, do not present 'circumstances external to the party's own
conduct.'"  <u>Rouse</u>, 339 F.3d at 249 (quoting <u>Harris</u>, 209 F.3d at
330); <u>see</u> <u>Irwin v. Dep't of Veterans Affairs</u>, 498 U.S. 89, 92
(1990) ("Under our system of representative litigation, each
party is deemed bound by the acts of his lawyer-agent and is
considered to have notice of all facts, notice of which can be
charged upon the attorney." (internal quotation marks and
citations omitted)).

Because neither Plaintiff nor his counsel offer any
explanation for the late filing aside from a miscalculation of
the date and counsel's difficulty paying the filing fee, and

because neither of these appear to this court to be "extraordinary circumstances beyond [Plaintiff's] control[,]" Rouse, 339 F.3d at 246, Plaintiff is not entitled to equitable tolling and his claim will be dismissed as untimely.[7]

## IV.  **FAILURE TO EXHAUST ADMINISTRATIVE REMEDIES**

While Plaintiff's failure to timely file his Complaint is dispositive, this court notes that Plaintiff's failure to exhaust his administrative remedies provides an alternative ground for dismissal.  This court finds Defendant's analysis of

---

[7]  The court draws no bright line but notes that this outcome is consistent with decisions of other courts faced with similar circumstances, including district courts in the Fourth Circuit.  E.g., Kellum v. Comm'r of Social Security, 295 Fed. Appx. 47, 50 (6th Cir. 2008) (affirming district court refusal to apply equitable tolling (whether under abuse of discretion or de novo standard) when late filing  was caused by decision to wait until the last possible day to file and counsel's failure to provide accurate credit card information for fee purposes when filing electronically); Perry v. Accurate Staffing Consultants, Inc., Civil No. 3:10-cv-201-FDW-DCK, 2010 WL 2650881, at *4 (W.D.N.C. June 30, 2010) (finding equitable tolling to be inappropriate in Title VII action when counsel partially opened case on electronic filing system in a timely manner but did not successfully upload complaint until after limitations period had run, reasoning that unfamiliarity with an electronic filing system that leads to a mistaken belief that a complaint had been timely filed is not an extraordinary circumstance warranting equitable tolling); Johnson v. Astrue, Civil Action No. 3:09-CV-46, 2010 WL 2365527, at *3-4 (N.D.W. Va. June 8, 2010) (concluding counsel's unfamiliarity with electronic filing system that lead to mistaken belief that complaint had been timely filed was not an extraordinary circumstance warranting equitable tolling).

the relevant regulatory scheme persuasive and will not repeat it in full here.  Suffice it to say that Plaintiff: (1) received a letter informing him that, if he believed the action was based in whole or in part on discrimination, he had the option of "filing an appeal with the MSPB [Merit Systems Protection Board[8]] or filing an EEO complaint with the Postal Service, but not both" (Def.'s Mem., Ex. A-2, Letter of Decision – Removal (Doc. 6-3) at 5); (2) filed an appeal with the MSPB (Ex. A-3, MSPB Appeal Form (Doc. 6-4) at 1); (3) voluntarily withdrew that appeal (Ex. A-6, Decision of Administrative Judge (Doc. 6-7) at 1[9]; Pl.'s Mem., Pl.'s correspondence to Administrative Judge requesting MSPB appeal be dropped (Doc. 10-6 at 1)); and (4) subsequently filed a formal EEO complaint (Ex. A-8, EEO Complaint (Doc. 6-9) at 1).

This course of action clearly runs afoul of the regulations binding an aggrieved party to his first choice of forum.  See 29

_____

[8] The MSPB is an independent adjudicator of federal employment disputes.  Kloeckner v. Solis, 568 U.S. ____, ____, 133 S. Ct. 596, 600 (2012).

[9] The June 5, 2009 Decision dismissed Plaintiff's MSPB appeal due to his request to withdraw the appeal.  The "Notice to Appellant" that accompanied the dismissal informed Plaintiff of his right to request Board review of the Decision as well as other rights.  (Ex. A-6, Decision of Administrative Judge (Doc. 6-7) at 2-3.)

C.F.R. § 1614.302(b) (noting that an aggrieved person "may initially file a mixed case complaint [with the EEO Office] . . . or an appeal on the same matter with the MSPB . . . , but not both"[10]); <u>Stroud v. Winter</u>, Civil Action No. 3:08CV439, 2009 WL 790100, at *3 (E.D. Va. Mar. 24, 2009) ("Importantly, 'once a government employee elects to pursue a mixed case before the [MSPB], [he] is obliged to follow that route through to completion, to the exclusion of any other remedy that originally might have been available.'" (citing <u>Stoll v. Principi</u>, 449 F.3d 263, 266-67 (1st Cir. 2006))); <u>Howland v. U.S. Postal Serv.</u>, 209 F. Supp. 2d 586, 590 (W.D.N.C. 2002) (finding plaintiff failed to exhaust administrative remedies when he initially elected to appeal to the MSPB, voluntarily withdrew his claim, then attempted to file an EEO complaint); <u>see also</u> <u>Khoury v. Meserve</u>, 268 F. Supp. 2d 600, 610-11 (D. Md. 2003) ("It is well-established that a complainant who withdraws an appeal before the MSPB fails to exhaust administrative remedies and is barred

---

[10]  A "mixed case appeal" is one made to the MSPB that alleges an appealable agency action was effected, in whole or in part, because of discrimination on the basis, inter alia, of race or age.  29 C.F.R. § 1614.302(a)(2).  A "mixed case complaint," on the other hand, is a complaint of employment discrimination filed with a federal agency.  29 C.F.R. § 1614.302(a)(1).

from filing a civil action in federal court." (citing cases)),
aff'd, 85 Fed. Appx. 960 (4th Cir. 2004).

Plaintiff asserts that his MSPB filings did not allege
discrimination, with the implication that the filing was not a
"mixed case" and therefore his subsequent EEO complaint, which
did assert discrimination claims, is not subject to the election
mandated in 29 C.F.R. § 1614.302. (See Pl.'s Resp. (Doc. 10) at
5-6.) Specifically, Plaintiff further asserts that he had
indicated in his MSPB Appeal Form that he had "no issues of
prohibited employment discrimination" and that he "never invoked
the [MSPB's] jurisdiction as to any EEO matters involved in
connection with his removal." (Id. at 8.) The court finds
these arguments unpersuasive.

Here, Plaintiff was notified on March 23, 2009, that "[i]f
you believe that the action is based, in whole or in part, on
discrimination, you have the option of filing an appeal with the
MSPB or filing an EEO complaint with the Postal Service, but not
both." (Ex. A-2, Letter of Decision – Removal (Doc. 6-3) at 5.)
Plaintiff filed an appeal with the MSPB on April 2, 2009, noting
that he had received the March 23, 2009 letter (which, as noted,
contained the notification). (Ex. A-3, MSPB Appeal Form (Doc.
6-4) at 3.) In the appeal, Plaintiff also stated that he had

"No Additional Claims," which would have specifically included

"a claim of prohibited discrimination." (Id. at 4 (checking box

"No Additional Claims"; not checking box for "a claim of

prohibited discrimination").)  Plaintiff's claim that no one

told him he could not pursue both avenues, therefore, does not

create a genuine dispute as to a material fact in light of the

Letter of Decision – Removal and his MSPB Appeal Form.[11]

Plaintiff's failure to include discrimination claims in his

MSPB Appeal Form does not alter the effect of Plaintiff's

election.  An appeal to the MSPB must contain "[a] statement of

the reasons why [Plaintiff] believes the agency action is

wrong."  5 C.F.R. § 1201.24(a)(4).  Those reasons include any

case in which the employee alleges that a personnel action is

appealable to the Merit Systems Protection Board based, in whole

or in part, on prohibited discrimination.  See 5 C.F.R. §§

1201.151-53 (implementing 5 U.S.C. § 7702 ("Actions involving

discrimination," which includes discrimination prohibited by 42

U.S.C. § 2000e-16 and 29 U.S.C. §§ 631, 633a)).  Plaintiff's

signed March 24, 2009 Information for Pre-Complaint Counseling,

---

[11]  Plaintiff's Response references the Letter of Decision –
Removal (Doc. 10 at 2, 5, and 8) but does not address the
specific notice provided in the Letter.

which reflected a March 18, 2009 request by Plaintiff related to a claim of age discrimination (Def.'s Mem., Ex. B, Doc. 6-16 at 1, 3), makes clear that he believed he had a discrimination claim more than two weeks before filing his appeal with the MSPB.[12]  Further, Plaintiff could have raised other claims of discrimination at any time before the end of the conference held to define the issues in his MSPB appeal or, thereafter, upon a showing of good cause.  5 C.F.R. § 1201.24(b).  Thus, there is no genuine dispute that Plaintiff could have raised his discrimination claims through the MSPB and that he was aware he had such claims.  That he chose not to do so does not negate the regulatory mandate.

Finally, Plaintiff's argument that he was not bound by 29 C.F.R. § 1614.302(b) by virtue of his decision not to include discrimination claims but to pursue them through a later EEO complaint would turn the regulation on its head and encourage

---

[12]  Plaintiff rightly points out that this initial contact pre-dated the Letter of Decision – Removal.  (Pl.'s Response (Doc. 10) at 5.)  Indeed, Plaintiff brings this lawsuit with respect to the adverse actions of the agency placing him on emergency placement, serving him with a notice of removal, and thereafter removing him from his job.  (Compl. (Doc. 1) ¶¶ 35, 37.) However, by the time he filed his MSPB appeal, Plaintiff had been removed as a follow-up to the adverse actions for which he had already identified a claim of prohibited discrimination.

claimants to ignore the election requirement.[13]  Thus, courts

have held that discrimination claims fail as a matter of law

when an election is made to appeal to the MSPB but the claimant

chose not to raise discrimination claims or dropped such claims

in that forum.  E.g., Martinez v. Shimseki, Civ. No.

10-1304 (PG), 2012 WL 359382, at *4-5 (D.P.R. Feb. 2, 2012)

(Title VII claims) ("If Plaintiff believed, as he obviously did,

that his termination was based, in whole or in part, on sex

discrimination, he was under the obligation to include said

claim in his initial appeal before the MSPB, or at the very

least, request that this claim be subsequently amended to add

this particular claim. . . . Therefore, the Court finds that

Defendant's contention that the Plaintiff failed to exhaust

administrative remedies with regards to his sex discrimination

claim is correct."); Fissel v. Napolitano, Civil No. 1:CV-09-

0005, 2009 WL 3624719, at *6 (M.D. Pa. Oct. 29, 2009) (Title VII

case) ("The fact that Plaintiff voluntarily discontinued her

---

[13]  In briefing, Plaintiff asserts that his decision to
withdraw his MSPB appeal was because he "elected to find another
forum that was receptive to and understanding of his work place
safety concerns."  (Pl.'s Resp. (Doc. 10) at 6.)  Plaintiff's
email confirming his decision to withdraw states that he
withdrew because he felt the Administrative Judge had "made it
very clear to me that you had prejudged this case."  (Doc. 10-6
at 1.)

MSPB appeal does not allow her to jump onto the EEO track. Instead, if Plaintiff believed that her termination was motivated by discrimination, once she chose to file a case with the MSPB, she was required to have raised her claims in that administrative forum and fully exhausted her remedies there before coming to court." (citation omitted)).[14]

The court has considered Plaintiff's other arguments and finds them to be without merit.

For this reason, as well as those set forth in Defendant's Memorandum (Doc. 6) and Reply (Doc. 12), this court finds that

---

[14] Plaintiff has not argued that his ADEA claim should be treated differently than his Title VII claim and, therefore, has abandoned any such argument. The court notes, however, that although an ADEA claim may be brought directly in district court upon giving proper notice to the EEOC, it has been held that with respect, inter alia, to ADEA "a plaintiff who chooses to begin the administrative review process is obliged to exhaust that review before filing a civil action." Economou v. Caldera, 286 F.3d 144, 149 n.8 (2d Cir. 2002) ("Thus, because Economou filed first with the MSPB, he was bound to exhaust all his claims, including the ADEA arguments, in the administrative arena before pursuing them in the district court."); see Slate v. Potter, 459 F. Supp. 2d 423, 431-32 (M.D.N.C. 2006) (Sharp, M.J., recommendation adopted and affirmed by Beaty, J.) (noting plaintiff who withdrew ADEA claim at end of MSPB hearing could not reinstate claim which he abandoned; "Federal sector employees . . . are not allowed to browse at will through multiple administrative reviews in search of a more favorable outcome." (quotations and citation omitted)), aff'd, 365 Fed. Appx. 470 (4th Cir. 2010). Even if Plaintiff's ADEA claim was treated differently, it would fail for not being timely filed as discussed above.

Plaintiff failed to exhaust his administrative remedies before filing his complaint in federal court.

**V.**    **<u>CONCLUSION</u>**

For the foregoing reasons, **IT IS ORDERED** that Defendant's Motion to Dismiss or, in the Alternative, for Summary Judgment (Doc. 5) is **GRANTED** and this action is **DISMISSED**. A Judgment dismissing this action will be entered contemporaneously with this Memorandum Opinion and Order.

This the 30th day of January, 2015.

_____
United States District Judge